```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.  4:08CV230-DJS |
| **CENTIMARK CORPORATION,** | ) ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is defendant Centimark Corporation's motion to dismiss Count I of plaintiff Liberty Mutual Fire Insurance Company's complaint [Doc. #9], and plaintiff's motion to dismiss defendant's counterclaim [Doc. #14].  These matters have been fully briefed and are ready for disposition.

**Standard of Review**

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999).  A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief.  Id.  Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a

plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief.  Id.

**Facts**

The Court finds the following facts for purposes of the instant motions.  Plaintiff alleges in its complaint that it is a mutual insurance company, that plaintiff's subrogor, Loy Lang Box Company ("Loy Lang"), is a company operating in Missouri, and that defendant is a company operating in Pennsylvania.  Plaintiff further alleges that defendant held itself out as being an expert in the installation and replacement of roofs for commercial properties; that, in reliance on defendant's professed expertise, Loy Lang contracted with defendant for defendant to install a roof on a property owned by Loy Lang; that defendant was "under a duty to perform said roof replacement in a good and workmanlike manner so as not to cause damage to property of others, including Loy Lang"; and that defendant failed to properly install the roof, which resulted in the roof peeling away causing damage to Loy Lang's real property and the contents therein.  Plaintiff alleges that it owns Loy Lang's claims pursuant to a policy of insurance with Loy Lang and payments made to and on behalf of Loy Lang.

Plaintiff asserts two causes of action against defendant.  The first is a claim of negligence, and the second is a claim for breach of contract.  For both claims, plaintiff alleges that defendant contracted with plaintiff to install a roof, that

2

defendant was under a duty to perform the roof installation in a good and workmanlike manner, that defendant breached its duty in failing to install the roof properly, and that damages resulted from defendant's careless and negligent acts.

With regard to defendant's counterclaim, defendant alleges that Loy Lang contacted defendant and requested that defendant send a representative to inspect the roof after a rainstorm. Defendant further alleges that after it inspected the roof, it recommended to Loy Lang that repairs to the roof be immediately performed. Loy Lang ordered the repair work, and defendant's total charge for the work was $26,036.00. Defendant alleges that it has demanded payment, and that Loy Lang has refused to pay. Defendant seeks $26,036.00 for Loy Lang's alleged breach of contract.

**Discussion**

**Defendant's Motion to Dismiss Count I of Plaintiff's Complaint**

Defendant argues that Missouri law prohibits plaintiff from transforming a breach-of-contract claim into a negligence claim. Rather, defendant maintains that in a case where there is no allegation of an extra-contractual duty averred by a plaintiff, there can only exist liability in contract. Plaintiff opposes defendant's motion, and argues that its complaint satisfies the pleading requirements for a claim in contract as well as a claim in negligence.

Under Missouri law, "a mere breach of contract does not provide a basis for tort liability...." Bus. Men's Assur. Co. of Am. v. Graham, 891 S.W.2d 438, 453 (Mo. App. 1994) (citing Am. Mortg. Inv. Co. v. Hardin-Stockton, 671 S.W.2d 283, 293 (Mo. App. 1984)). However, "the negligent act or omission which breaches the contract may serve as the basis for an action in tort." Id.; see also Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mutual Risk Retention, 918 S.W.2d 805, 813 (Mo. App. 1996) ("Missouri law recognizes that a tort may be committed in the nonobservance of contract duties and that a negligent failure to perform a contractual undertaking may result in tort liability.").

> If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement.

Graham, 891 S.W.2d at 453; see also Preferred Physicians, 918 S.W.2d at 814 ("[A] mere failure to complete the undertaking required by contract would not give rise to a cause of action in tort; the remedy for such failure to act would lie in contract. The courts in Missouri have never recognized a mere breach of contract as providing a basis for tort liability."). As an example, the court in Graham noted that failure of a real estate broker to perform his contractual and fiduciary duties would support an action either for breach of contract or for negligence.

4

In this case, plaintiff has pled the existence of a duty to perform the disputed roof replacement in a <u>good</u> and <u>workmanlike</u> manner so as not to cause damage to the property of Loy Lang and others. It would be premature for this Court to find that plaintiff's allegations arise solely in contract. Accordingly, for purposes of the instant motion, the Court finds that plaintiff's complaint is sufficient for it to maintain its negligence action. Defendant's motion to dismiss Count I of plaintiff's complaint will be denied.

**Plaintiff's Motion to Dismiss Defendant's Counterclaim**

Plaintiff argues that defendant's counterclaim does not set forth a cognizable claim against it. Rather, plaintiff argues that defendant's counterclaim is legally improper because plaintiff, as Loy Lang's subrogee, is not subject to counterclaims which a defendant tortfeasor may have asserted had the tortfeasor been sued by the subrogee's insured. Defendant opposes plaintiff's motion, and argues that plaintiff does not own Loy Lang's claim, but rather can sue only as a subrogee of Loy Lang and only in the name of Loy Lang. Defendant argues that, consequently, plaintiff is subject to all claims and defenses that defendant may have against Loy Long, including any counterclaim.

Under Missouri law, subrogation "simply means the substitution of another person in the place of the creditor, so that the person in whose favor subrogation is exercised succeeds to

the right of the creditor in relation to the debt." Am. Nursing Resources, Inc. v. Forrest T. Jones & Co., 812 S.W.2d 790, 794 (Mo. App. 1991) (citing State Sav. Trust Co. v. Spencer, 201 S.W. 967, 969 (Mo. App. 1918)). In the insurance context, "[i]f the interest of the insurer is derived by subrogation, the action must be brought by or at least in the name of the insured." Klein v. Gen. Elec. Co., 714 S.W.2d 896, 902-03 (Mo. App. 1986) (citing Warren v. Kirwan, 598 S.W.2d 598, 599 (Mo. App. 1980)).

> Subrogation...arises by operation of law (in the casualty insurance context) when the insurance company under its contract obligation pays all or a part of the property damage incurred by its insured. The legal title to the cause of action remains in the insured. <u>The exclusive right to sue for the entire loss remains with the insured</u>, though he will hold the proceeds for the insurer.

Hagar v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 610 (Mo. App. 2000) (quotation omitted) (emphasis in original). If an insurer holds a subrogation interest against a tortfeasor, "an equitable right passes to the subrogee and the legal right to the claim remains in the subrogor....[S]ince the insured still holds the legal right to the claim, the insurer cannot sue the tortfeasor directly but must wait and assert its subrogation interest against any recovery the insured makes against the tortfeasor." Id. However, a court must remain mindful that "[s]ubrogation is founded on principles of justice and its operation is governed by principles of equity." Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105, 110 (Mo. App. 1971).

6

In this case, defendant argues plaintiff, an insurance company, stands in the same shoes as its insured Loy Lang (the real party in interest), and as such is subject to all defenses, <u>and liable for all claims</u>, defendant has against Loy Lang.  The Court disagrees.  Although Missouri subrogation law requires that a subrogee bring its action in the name of its subrogor, Missouri courts consistently recognize subrogation as an equitable right.  Although this right is limited by whatever defenses the defendant has against the subrogor, the Court has not found, and defendant has not directed the Court to, any case that holds a subrogee liable for its subrogor's obligations.  Indeed, holding a subrogee liable for its subrogor's obligations would not promote the principle upon which subrogation rests, "the principle that substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential and perfect justice between all parties without regard to form."  <u>Id.</u>  The Court finds this especially true for a claim that arises out of a distinct set of facts, such as the claim defendant now tries to assert against plaintiff.  Allowing such a claim would not promote judicial efficiency or equity between the parties, and therefore defendant's counterclaim will be dismissed without prejudice.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Centimark Corporation's motion to dismiss Count I of plaintiff Liberty Mutual Fire Insurance Company's complaint [Doc. #9] is denied.

**IT IS FURTHER ORDERED** that plaintiff Liberty Mutual Fire Insurance Company's motion to dismiss defendant Centimark Corporation's counterclaim [Doc. #14] is granted.

**IT IS FURTHER ORDERED** that defendant Centimark Corporation's counterclaim is dismissed without prejudice.

Dated this ___29th___ day of December, 2008.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE