**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08CV230-DJS |
| **CENTIMARK CORPORATION,** | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is plaintiff Liberty Mutual Fire Insurance Company's motion to compel discovery from defendant Centimark Corporation [Doc. #26]. This matter has been fully briefed and is ready for disposition.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Armstrong v. Hussmann Corp., 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Given that the Federal Rules of Civil Procedure allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited. See Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. St. Paul Reinsurance Co., 198 F.R.D. at 511-12. "[T]he party resisting discovery must show specifically how...each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Id. (citations omitted); see also Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, at *5 (D. Neb. Oct. 5, 2006) (stating that the party resisting discovery has "an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents").

In this case, plaintiff seeks an order compelling the production of certain documents. Specifically, plaintiff requests the following documents:

> Any and all documents relating to any claims made
> against [defendant] from January 1, 1999 to the
> present with respect to design, manufacture, sale
> or installation of E.D.P.M. roof systems.

Doc. #26-2, p. 4. Plaintiff argues that this request is narrowly tailored to the issue of whether defendant's installation of a specific type of roof system was proper. Plaintiff further argues that defendant's installation of similar roof systems may shed light on defendant's procedures and determinations, and that defendant's "track record" as to this specific type of roof system is highly probative.

> Defendant responded to plaintiff's request by stating:
>
> [Defendant] objects to this request as vague,
> overbroad, unlimited in scope, and seeks
> information that is neither relevant nor
> reasonably calculated to lead to the discovery of
> admissible evidence.

Doc. #26-2, p. 4. In opposition to plaintiff's motion, defendant argues that plaintiff's request does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. That is, defendant argues that plaintiff cannot prove that defendant installed <u>plaintiff's</u> roof improperly or breached <u>these parties'</u> contract by introducing evidence regarding claims made with respect to the design, manufacture, sale, or installation of <u>other</u> roofs around the country. Further, defendant argues that plaintiff's request is overbroad and would be overwhelmingly and immensely burdensome to satisfy. However, aside

3

from noting that it has over fifty offices throughout the United States, defendant does not specifically detail the nature of the burden.

The Court finds that the information sought by plaintiff is, at least, reasonably relevant to plaintiff's claim. However, although defendant has not offered the Court much detail about the nature of the burden in terms of time, money, and procedure, the Court agrees that plaintiff's request for "any and all documents" is a broad request.

Accordingly, the Court will at this time grant plaintiff's motion in part, and defendant will be ordered to produce a list (1) identifying and (2) briefly describing the nature of all claims made against defendant from January 1, 1999, to the present with respect to design, manufacture, sale, or installation of E.D.P.M. roof systems.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff Liberty Mutual Fire Insurance Company's motion to compel discovery from defendant Centimark Corporation [Doc. #26] is granted as follows.

**IT IS FURTHER ORDERED** that, on or before **March 23, 2009**, to the extent such claims exist, defendant shall produce a list (1) identifying and (2) briefly describing the nature of all claims made against defendant from January 1, 1999, to the present with

respect to design, manufacture, sale, or installation of E.D.P.M. roof systems.

Dated this __4th__ day of March, 2009.

                                                     /s/Donald J. Stohr
                                                     UNITED STATES DISTRICT JUDGE