```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 4:08CV230-DJS |
| **CENTIMARK CORPORATION,** | ) ) ) |
| Defendant. | ) |

### ORDER

Now before the Court is plaintiff Liberty Mutual Fire Insurance Company's motion for partial summary judgment [Doc. #30]. Plaintiff's motion seeks judgment in its favor on two of defendant Centimark Corporation's asserted affirmative defenses. This motion has been fully briefed and is ready for disposition.

### Standard of Review

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material

fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

**Facts**

For purposes of this motion, the Court finds that the following facts are not in dispute, or have not been properly controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[1] The following facts are those established by the depositions, affidavits, and records submitted by the parties, and are viewed in the light most favorable to defendant.

Plaintiff is a mutual insurance company, and is the subrogee of Loy Lange Box Company ("Loy Lange"). Loy Lange is a company operating in Missouri, and defendant is a company operating in Pennsylvania. Defendant's business includes the sale and installation of roofs for commercial buildings. On August 15, 2000, Loy Lange and defendant entered into a contract for the installation of a new roof on Loy Lange's property. The parties' August 15, 2000, contract describes the work that defendant agreed

---

[1]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

to do, and the price Loy Lange agreed to pay.[2]  That contract also contains the following clause:

    <u>WARRANTY:</u>    Twenty (20) Year Labor and
                       Material Total System Warranty

Defendant asserts that the above clause referenced and incorporated a separate roof warranty (the "Warranty"), another document that defendant states was mailed to Loy Lange after completion of the roof on October 4, 2000. The heading on the Warranty states, "NON-PRORATED LIMITED ROOF WARRANTY - EPDM ROOF SYSTEMS." The Warranty states that its "Warranty date" is "10/04/2000," and it states a "Warranty length" of twenty years. Although defendant does not have personal knowledge of Loy Lange's receipt of the Warranty, it has submitted the affidavit of Steven Brauns, the regional manager for defendant, in which he avers that it is defendant's practice to mail a separate warranty document to customers along with a final invoice after a roofing job is completed.

      Plaintiff disputes defendant's assertion that the August 15, 2000, contract references a separate document. Further, plaintiff states that even if that contract does reference the Warranty, Loy Lange did not later receive a copy of the Warranty. Plaintiff has submitted the affidavit of Rodney Powers, the vice-president of Loy Lange, in which Powers avers that Loy Lange did not negotiate, bargain for, or agree to the Warranty. Further,

---

[2]The Court herein refers to the "parties' agreement" recognizing that the parties to the disputed contract are Loy Lange and defendant.

3

Powers states that Loy Lange did not receive the Warranty until the litigation of this matter commenced in 2008.

On July 19, 2006, a line of thunderstorms moved through the St. Louis area, and Loy Lange's real and personal property sustained damage when winds from the storm uplifted part of Loy Lange's roof. Plaintiff alleges it was defendant's negligence and breach of contract with regard to the roof's installation that caused Loy Lange's damage. Plaintiff states that, pursuant to a policy of insurance with Loy Lange and payments made to and on behalf of Loy Lange, it owns Loy Lange's claims against defendant.

Defendant asserts several affirmative defenses against plaintiff. For purposes of this motion, the Court notes that defendant's third affirmative defense states that plaintiff's claims are barred by the one-year statute of limitations set forth in the Warranty, and defendant's forth affirmative defense states that plaintiff's remedies are limited by contract to those remedies set forth in the Warranty. Plaintiff maintains that the Warranty is not part of the parties' agreement, and seeks summary judgment with regard to these affirmative defenses.

**Discussion**

In this case, neither plaintiff nor defendant disputes the existence of a valid contract. However, they disagree as to whether that contract includes the Warranty, a separate, noncontemporaneous document.

As an initial matter, the Court notes that the Warranty contains a choice-of-law provision, which designates Pennsylvania law as the governing authority. However, the Court at this time is not resolving the legal effect of the Warranty, but rather is asked to determine whether the parties' August 15, 2000, contract sufficiently referenced the later-issued Warranty such that the Warranty was incorporated into the parties' agreement. Consequently, the Court looks to the parties' August 15, 2000, contract to determine what forum's law to apply.

A district court "sitting in diversity must apply the choice-of-law rules of the state in which it sits." Lane v. Celadon Trucking, Inc., 543 F.3d 1005, 1007 (8th Cir. 2008) (citing Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir. 1991)). Pursuant to Missouri's choice-of-law rules, the Court must employ a "most significant relationship" test to determine which forum has the most substantial contacts to the current action.[3] Armstrong Bus. Servs., Inc. v. H&R Block, 96 S.W.3d 867, 872 (Mo. App. 2002). In contracts cases, there are five potentially significant contacts to be considered: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the place of incorporation and place of business of the parties. Id. Consideration of such factors in this action establishes that Missouri is the forum of

---

[3]The parties' August 15, 2000, contract does not contain a choice-of-law provision.

the most significant contacts. Consequently, Missouri law controls this diversity case.

Under Missouri law, the issue of "whether a contract is ambiguous is a question of law." Monsanto Co. v. Garst Seed Co., 241 S.W.3d 401, 407 (Mo. App. 2007). "Where the contract is unambiguous, a court will ascertain the intent of the parties from the contract alone and will not resort to construction." Id. A court will not find that a contract is ambiguous merely because the parties disagree as to the construction of the contract. Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. 2003). Rather, a court must examine whether the contract is "reasonably susceptible to different constructions." Burrus v. HBE Corp., 211 S.W.3d 613, 617 (Mo. App. 2006) (emphasis added). A court will presume that "the intent of the parties is expressed by the natural and ordinary meaning of their language." Id. (quotation omitted). "The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning." Dunn Indus., 112 S.W.3d at 428 (citations omitted). "[E]ach term of a contract is construed to avoid rendering other terms meaningless." Id. If any uncertainty exists in a contract, the language will "be construed against the drafter." Livers Bronze, Inc. v. Turner Const. Co., 264 S.W.3d 638, 641-42 (Mo. App. 2008).

It is possible for a contract to incorporate the terms of a separate, noncontemporaneous, and even unsigned document by

reference. However, such a document becomes a part of the agreement only if "the contract makes clear reference to the document and describes it in such terms that its identity may be ascertained beyond doubt." Id. at 643 (quoting Intertel, Inc. v. Sedgwick Claims Mgmt. Servs., Inc., 204 S.W.3d 183, 196 (Mo. App. 2006)). If a document is not adequately referenced and therefore is not part of the agreement, that document does not have any legal effect unless it independently possess all elements necessary to form a contract. Medicare Glaser Corp. v. Guardian Photo, Inc., 936 F.2d 1016, 1019-20 (8th Cir. 1991).

> It is well established that an agreement to modify a contract must itself possess all the elements necessary to form a contract, including the element of consideration. "Such consideration is not present when one party merely agrees to do that which it was already legally liable to do for a greater consideration, nor is it present when one party agrees to do less than it is already obligated to do for the same or greater consideration."

Id. (quoting Twin River Constr. Co. v. Pub. Water Dist. No. 6, 653 S.W.2d 682, 690 (Mo. App. 1983)); see also Jackson v. Baldwin-Lima-Hamilton Corp., 252 F. Supp. 529, 535 (E.D. Pa. 1966) ("It is the general rule that a contract of warranty requires consideration. If it comes into existence at the time of the sale it is supported by the consideration of the sale, but if it is given after the contract of sale is completed, it must be accompanied by a new and separate consideration.").

7

In this case, defendant argues that the parties' contract, executed before defendant commenced any roofing work, clearly references and incorporates a separate warranty agreement. The Court disagrees. The contract between Loy Lange and defendant refers to a "Twenty (20) Year Labor and Material Total System Warranty." The later-issued Warranty is entitled "NON-PRORATED LIMITED ROOF WARRANTY - EPDM ROOF SYSTEMS." Nowhere in the Warranty is it described as the "Twenty (20) Year Labor and Material Total System Warranty" referred to in the parties' contract. Indeed, the Warranty appears to constitute a separate agreement, in that it contains a clause which claims that the Warranty is to "supersed[e] all prior agreements," including any "terms or conditions stated in [the parties' contract]." The Court finds that the contract between Loy Lange and defendant does not make clear reference to the Warranty, and that the contract does not describe the Warranty in such terms that the Warranty's identity may be ascertained beyond doubt. Consequently, the Warranty was not made part of the agreement between Loy Lange and defendant at the time of the inception of their contract.

Defendant does not dispute that separate consideration was not exchanged at the time of the issuance of the Warranty. As separate consideration is needed under Missouri law to give a modification legal effect, the Warranty was not made part of the agreement between Loy Lange and defendant at the time defendant mailed the Warranty to Loy Lange.

The Court finds that the Warranty was not clearly referenced by the contract between Loy Lange and defendant, and further finds that it is not disputed that separate consideration was not exchanged at the time the Warranty was issued. Accordingly, the Warranty was never made part of the agreement between Loy Lange and defendant. The Court will therefore grant plaintiff's motion for partial summary judgment with regard to defendant's third and forth affirmative defenses.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff Liberty Mutual Fire Insurance Company's motion for partial summary judgment [Doc. #30] is granted.

Dated this __5th__ day of June, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE