**UNITED STATES DISTRICT COURT**
                     **EASTERN DISTRICT OF MISSOURI**
                          **EASTERN DIVISION**

**LIBERTY MUTUAL FIRE** )
**INSURANCE COMPANY,** )
                                        )
        **Plaintiff,** )
                                        )
   **vs.** )    Case No. 4:08CV230-DJS
                                        )
**CENTIMARK CORPORATION,** )
                                        )
        **Defendant.** )

## ORDER

    Now before the Court are plaintiff Liberty Mutual Fire Insurance Company's motion to strike the subpoena issued to third party Engineering Systems, Inc. by defendant Centimark Corporation [Doc. #47], and defendant's motion for contempt directed to third party Engineering Systems, Inc. [Doc. #49]. Plaintiff states that on May 4, 2009, almost three months after the Court's discovery cut-off date, defendant issued a subpoena for records to third party Engineering Systems, Inc. Plaintiff argues that defendant should not be allowed to reopen discovery, and asks that the Court strike the subpoena. Defendant opposes plaintiff's motion, and argues that plaintiff has no standing to object to the third-party subpoena. Further, defendant argues that subpoenas are not "discovery," and that Rule 45 is not governed by this Court's discovery order. Finally, defendant argues that even if its request was untimely, plaintiff has not shown prejudice.

    The Court finds that defendant's subpoena is an improper attempt to engage in discovery after the cut-off date, and will

grant plaintiff's motion to strike. Investigation and continued discovery after a discovery cut-off "may not invoke the authority of the court (i.e., the issuance of a subpoena under Rule 45)." Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D 556, 562 (S.D. Cal. 1999) (citing Rice v. United States, 164 F.R.D. 556 (N.D. Okl. 1995); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 (E.D. Pa. 1997)); see also Marvin Lumber & Cedar Co. v. PPG Indus, Inc., 177 F.R.D. 443, 445 (D. Minn. 1997) ("[T]o allow a party to continue with formal discovery - that is, discovery which invokes the authority of the Court - whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial, to continued involvement in the discovery...we can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure."). Further, although only the third party upon whom a subpoena is served can move to quash the subpoena pursuant to Rule 45, it is within any party's right to monitor and, if necessary oppose, an opposing party's late discovery request. See Integra Lifesciences, 190 F.R.D at 562 n.3. Finally, when a case management deadline has passed, the burden falls on the party seeking discovery to show good cause why the belated discovery request did not occur within the parameters set forth in the Court's case management order. See Sherman v. Winco

Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). In this case, defendant has not done so.

Defendant seeks an order holding third party Engineering Systems, Inc. in contempt for failure to respond to the subpoena it issued. Because the Court herein finds that it will grant plaintiff's motion to strike that subpoena, it will deny defendant's motion to hold third party Engineering Systems, Inc. in contempt.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff Liberty Mutual Fire Insurance Company's motion to strike a subpoena issued by defendant Centimark Corporation [Doc. #47] is granted.

**IT IS FURTHER ORDERED** that defendant Centimark Corporation's motion for contempt directed to Engineering Systems, Inc. [Doc. #49] is denied.

Dated this ___16th___ day of June, 2009.

                                             /s/Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE