```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LIBERTY MUTUAL FIRE           )
INSURANCE COMPANY,            )
                              )
        Plaintiff,            )
                              )
    vs.                       )       Case No. 4:08CV230-DJS
                              )
CENTIMARK CORPORATION,        )
                              )
        Defendant.            )

## ORDER

Now before the Court is defendant Centimark Corporation's motion for leave to take depositions [Doc. #75]. Plaintiff Liberty Mutual Fire Insurance Company opposes defendant's motion. The matter has been fully briefed and is ready for disposition.

Defendant filed the instant motion on June 17, 2009, and seeks leave to conduct four depositions. The Court's May 14, 2008, case management order states that all discovery was to be completed by February 13, 2009. Accordingly, defendant's current request comes four months after discovery in this case closed. The Court's case management order states that it "will be modified only upon a showing of exceptional circumstances." Doc. #21. To wit, the Eighth Circuit has stated that the standard in modifying case management orders is "good cause," which is less forgiving than that required to amend pleadings under Rule 15 of the Federal Rules of Civil Procedure.

> Federal Rule of Civil Procedure 16(b) specifies that [case management orders] "shall not be modified except upon a showing of good cause and

> by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion.

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (emphasis added) (quoting Fed.R.Civ.P. 16(b)). In reviewing a motion to modify a case management order for good cause, the primary measure "is the moving party's diligence in attempting to meet the case management order's requirements." Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)); see also Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." Id.

In this case, defendant states that Robert Leicht, a Loy Lange Box Company employee,[1] personally negotiated the terms and conditions of the disputed contract. Defendant argues that plaintiff misleadingly stated in its Rule 26 disclosures that Leicht "may" have knowledge regarding the relationship between Loy Lange and defendant when, in fact, Leicht had "intimate" knowledge of the relationship between Loy Lange and defendant. Further, defendant alleges that plaintiff falsely stated that it did not know of Leicht's whereabouts, when in fact Leicht had been personally contacted by plaintiff. Defendant wants to depose Leicht to explore his knowledge of the relationship between defendant and Loy Lange. Defendant also wants to depose Rodney Powers, Loy Lange's vice president, because he has provided an

---

[1] Plaintiff, an mutual insurance company, is the subrogee of Loy Lange.

affidavit which contains statements that may be contradicted by the testimony Leicht may provide. Finally, defendant wants to depose a designated representative of plaintiff and a designated representative of Loy Lange regarding documentary evidence that defendant alleges plaintiff did not disclose or produce.[2]

Defendant alleges that Leicht, Powers, a Loy Lange representative, and a representative from the plaintiff have critical evidence which may have been withheld from disclosure by plaintiff, and which may indicate that factual misrepresentations have been made to the Court. Defendant states that the expected deposition testimony will, at the very least, establish a genuine issue of material fact as to whether or not defendant's warranty was incorporated into and accepted contemporaneously with the contract for the roofing project at issue in this case.[3]

Plaintiff opposes defendant's motion. Plaintiff states that all of the witnesses defendant seeks to depose were known and available to defendant for over a year, and points to various discovery requests wherein, for example, plaintiff names Leicht and Powers as individuals potentially with knowledge. Plaintiff further states that the discovery defendant proposes is outside of

---

[2]Defendant states that Leicht stated that after the storm damaged Loy Lange's roof in July of 2006, he gave plaintiff's property adjuster a binder that was provided to him in August of 2000 by defendant. Defendant alleges that this binder contained the warranty and contract at dispute in this case. Defendant states that, despite having been given this binder, plaintiff never mentioned or produced the binder.

[3]These depositions, defendant argues, may provide a basis upon which the Court could reconsider its summary judgment order (which ruled that the contract between Loy Lange and defendant did not clearly reference or incorporate a separate warranty). See Doc. #66.

the Court's case management order.  Plaintiff argues that defendant failed to conduct the proposed discovery within the time allowed by the case management order, and has presented no compelling reasons to reopen discovery now.

The Court has considered the arguments and evidence submitted by the parties, and finds that defendant has not shown good cause to reopen discovery.[4]  Rather, what has been shown is that defendant had in its possession disclosures regarding certain individuals but made strategic discovery decisions not to pursue those leads.  There is nothing before the Court that demonstrates that defendant was diligent in attempting to meet the case management order's requirements, but for reasons out of its control did not.  See Level 3 Commc'n, L.L.C. v. City of St. Louis, 540 F.3d 794, 797 n.3 (8th Cir. 2008) (stating that the district court "prudently denied [plaintiff] a second bite at the apple when [plaintiff] already had a chance to produce evidence").  Further, the Court notes that the parties have started to file pretrial materials, and plaintiff will be prejudiced if the Court allows four depositions to be taken at this time.

For the above stated reasons,

---

[4]Although not considered by the Court, with regard to Leicht, the Court notes that it fails to see why plaintiff needed to emphasize to defendant the identity of the individual who "personally negotiated" all of the terms of Loy Lange's relationship with defendant.

**IT IS HEREBY ORDERED** that defendant Centimark Corporation's motion for leave to take depositions [Doc. #75] is denied.

Dated this __22nd__ day of July, 2009.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE