**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **LIBERTY MUTUAL FIRE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | |
|    vs. ) | Case No. 4:08CV230-DJS |
| ) | |
| **CENTIMARK CORPORATION,** ) | |
| ) | |
|       **Defendant.** ) | |

<u>ORDER</u>

On February 20, 2009, plaintiff Liberty Mutual Fire Insurance Company filed a motion for partial summary judgment regarding two affirmative defenses asserted by defendant Centimark Corporation [Doc. #30]. The parties fully briefed the motion. On June 5, 2009, after giving full consideration to the arguments set forth by both parties, the Court granted plaintiff's motion for partial summary judgement [Doc. #66].

Now before the Court is defendant's motion to set aside the Court's order of June 5, 2009 [Doc. #81]. Plaintiff opposes defendant's motion. The matter has been fully briefed and is ready for disposition.

As an initial matter, defendant remarks in its motion that the Court's June 5, 2009, order pertained to defendant's affirmative defenses, and not a "claim." Defendant states that it is therefore not clear as to the relief granted by the Court's June 5, 2009, order. As stated in its previous order, the relief granted was partial summary judgment in plaintiff's favor on

defendant's asserted affirmative defenses.  See, e.g., F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) ("Where a plaintiff uses a summary judgment motion...to challenge the legal sufficiency of an affirmative defense - on which the defendant bears the burden of proof at trial - a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.... [W]e will affirm an award of summary judgment striking an affirmative defense if de novo review of the record in a light most favorable to the defendant reveals the absence of evidence supporting an essential element of the defense." (alterations in original) (internal quotations omitted)).

With regard to defendant's current motion to set aside the June 5, 2009, order, defendant argues that the parties' proposal summary (which, the Court notes, was referred to by defendant as the parties' "contract" when defendant opposed plaintiff's summary judgment motion), is ambiguous in several respects, and that the Court should therefore receive extrinsic evidence to resolve the ambiguity and ascertain the parties' true intent.  The Court notes that defendant's instant argument was not raised when plaintiff's motion was initially argued before the Court, and that defendant presents no new evidence that was unavailable at the time the motion was previously argued.[1] Defendant states that it recognizes that the Federal Rules of Civil

---

[1]The Court notes that this day it enters a separate order denying defendant's motion to reopen discovery and take four depositions.

- 2 -

Procedure to not provide for a motion for reconsideration. However, defendant argues that there is no per se bar against such motions, and that judges in this district and others have granted such relief upon being convinced that a mistake had been made.

Plaintiff opposes defendant's motion. Plaintiff notes that defendant's motion does not request that the Court reconsider its prior ruling because of a clerical error, mistake, change in the law, newly discovered evidence previously unavailable to defendant, or fraud. Plaintiff argues that defendant seeks to gain advantage from the Court's analysis and rulings in hopes of re-litigating plaintiff's motion for partial summary judgment.

Even if the Court entertained motions for reconsideration, a motion for reconsideration does not allow for the introduction of new arguments or evidence previously available but were, for one reason or another, not presented. "[A] motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party...advance[s] new theories or adduce[s] new evidence in response to the court's rulings...." Pfizer, Inc. v. Stryker Corp., 2005 WL 383702, at *1 (S.D.N.Y. Feb. 17, 2005) (quotations omitted). "The purpose of a motion to reconsider...is not to afford a losing party the opportunity, after examining a decision, to then attempt to avoid the result by presenting additional matters." United States v. Korey, 2009 WL 1940381, at *2 (W.D. Pa. June 30, 2009).

The circumstances in this case do not warrant the relief sought by defendant. Defendant's current argument was available to it before the Court entered judgment in plaintiff's favor, but failed to advance that argument in opposition to plaintiff's motion. Further, no new evidence that could not have been discovered before the Court made its June 5, 2009, ruling has been presented to the Court. It is defendant's obligation to prepare and present its best case, and that obligation includes setting forth all relevant arguments when a motion is ripe for disposition. Given the facts presented in defendant's motion, the Court will not reconsider its June 5, 2009, order.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Centimark Corporation's motion to set aside the Court's order of June 5, 2009 [Doc. #81] is denied.

Dated this ___22nd___ day of July, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE