UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:08CV230-DJS ) |
| CENTIMARK CORPORATION, | ) ) |
| Defendant. | ) |

## ORDER

Now before the Court are plaintiff Liberty Mutual Fire Insurance Company's motions in limine [Docs. #55, 56, 57, 82, 83, 84], and defendant Centimark Corporations's motions in limine [Docs. #68, 69]. Defendant has filed oppositions to Docs. #55, 56, 57, and 82. Plaintiff has filed oppositions to both of defendant's motions, and reply briefs in support of Docs. #55, 56, 57, and 82.[1] The motions are now ripe for disposition.

## Background

On or about August 15, 2000, defendant entered into a written contract with Loy Lange Box Company. Under the contract, defendant agreed to install an EPDM fully adhered roof system on the upper roof and elevator house at Loy Lange's building located at 222 Russell Boulevard in St. Louis, Missouri; and Loy Lange agreed to pay the stipulated price for that work. Defendant installed the roof in 2000 and Loy Lange paid the agreed contract

---

[1]Defendant's motion to strike plaintiff's reply briefs as out of time will be denied.

price. On July 19, 2006, a line of thunderstorms moved through the St. Louis area, and Loy Lange's real and personal property sustained damage when winds from the storms uplifted the EPDM roof on the upper roof at Loy Lange's building.

Plaintiff alleges in its complaint that defendant breached its duties in the installation of a roof on a building owned by Loy Lange. Plaintiff further alleges that as a result of defendant's breach of contract and negligent roofing work, the roof in question uplifted during a storm, causing damage to Loy Lange's building and personal property.

Defendant denies that it breached its contract with Loy Lange, and further denies that it was negligent in the installation of Loy Lange's roof. Defendant contends that it installed the roof properly and that the damage was caused by the severity of the storm, combined with structural elements in the building that were not related to defendant's work.

**Discussion**

**Plaintiff's First Motion in Limine: Motion to Bar Testimony of Defendant's Proposed Expert Meteorologist, H. Michael Mogil**

Plaintiff asks the Court to bar any testimony of defendant's proposed expert meteorologist, H. Michael Mogil, that relates to changes in wind speed after the wind impacted the Loy Lange building. Plaintiff states that Mr. Mogil is not an engineer, and, because such opinions are outside his area of expertise, he should not be allowed to testify as to changes in

wind speed as the wind hit Loy Lange's building. Plaintiff argues that such opinions would be irrelevant and unreliable.

Defendant opposes this motion. Defendant contends that plaintiff's expert will testify as to wind speed, but that plaintiff's expert did not take into account the Bernouilli Effect (that wind increases in speed when it hits an object). Defendant argues that the fact that its expert did not perform any specific mathematical calculation in reaching his opinion should not preclude him from testifying as to the possible wind speed, because his knowledge of the existence of the Bernouilli Effect and his own observations and experiments measuring wind speeds at other times give his opinions reliability. Defendant argues that any objection to his expert opinion goes to weight, not admissibility.

Testimony by a qualified expert that bears on scientific, technical, or other specialized knowledge and will assist the trier of fact to understand the evidence or to determine a fact in issue is admissible under Rule 702 if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. See Fed.R.Evid. 702. Pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Rule 702 imposes on trial courts a "gatekeeping" function to insure that proffered expert testimony is both relevant and reliable. See, e.g., Penney v. Praxair, Inc., 116 F.3d 330, 333 (8th Cir. 1997); Pestel v. Vermeer Mfg. Co., 64 F.3d 382, 384 (8th Cir. 1995). When assessing the relevance of

proposed expert testimony, a trial court must determine whether the "reasoning or methodology in question is applied properly to the facts in issue." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006) (citing Daubert, 509 U.S. at 591-93). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful." Sorensen By and Through Dunbar v. Shaklee Corp., 31 F.3d 638, 648 (8th Cir. 1994) (citation omitted). When assessing the reliability of expert testimony, a trial court should consider several factors, including: (1) whether the concept has been tested; (2) whether the concept has been subject to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the community. See Miller v. Baker Implement Co., 439 F.3d 407, 412 (8th Cir. 2006) (citing Daubert, 509 U.S. at 593-95).

> As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.

Bonner v. ISP Tech., Inc., 259 F.3d 924, 929-30 (8th Cir. 2001). Accordingly, questions of conflicting evidence must be left for the jury's determination, and a trial court should resolve doubts regarding an expert's testimony "in favor of admissibility." Marmo, 457 F.3d at 758. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky

but admissible evidence." Kudabeck v. Kroger Co., 338 F.3d 856, 862 (8th Cir. 2003) (citing Daubert, 509 U.S. at 596).

The Court finds that Mr. Mogil's opinion as to what the wind speed was is not so fundamentally unsupported as to offer no assistance to the jury, and will therefore deny plaintiff's motion. The Court agrees with defendant that the issues plaintiff raises go to weight of this expert's opinion, not admissibility, and that plaintiff's cross-examination of this witness will allow plaintiff the opportunity to argue to the jury what weight such an opinion should be given by them.

**Plaintiff's Second Motion in Limine: Motion to Bar Evidence of Damage of Other Buildings**

Plaintiff argues that any evidence about damage to unrelated roofs in the area caused by the storm that damaged Loy Lange's roof should not be allowed because it is irrelevant to whether defendant was negligent in the installation of plaintiff's roof. Defendant opposes this motion. Defendant argues that to prevail, plaintiff must show that defendant's conduct caused the claimed damages. Defendant argues that evidence of other damage helps to show causation. Further, defendant argues that meteorologists may rely on the descriptions of storm damage in an area to help determine wind speed.

The Court finds that such evidence may be relevant with regard to causation. Accordingly, the Court will at this time deny plaintiff's motion, and will give defendant an opportunity at trial to lay foundation and demonstrate relevance.

**Plaintiff's Third Motion in Limine: Motion to Bar Testimony as to the Condition of the Masonry at the Loy Lange Building**

Plaintiff argues that any evidence concerning the condition of the masonry walls at the building prior to the storm should not be allowed. Specifically, plaintiff argues that defendant's roofing expert Kevin O'Connell is not qualified to offer such an opinion because he is not a masonry contractor, and that his opinion is irrelevant because he testified that he did not know if the roof would have uplifted if the masonry was in better condition or what part the condition of the masonry played in the roof uplift. That is, plaintiff argues that Mr. O'Connell offers no credible testimony connecting the condition of the masonry to the roof uplift.

Defendant opposes this motion. Defendant argues that the condition of the masonry prior to the storm is relevant to causation. Further, defendant argues that although Mr. O'Connell is not a masonry contractor, just as any lay witness he can give a description of the condition of the masonry.

The Court agrees with defendant that, just as any lay witness, Mr. O'Connell can <u>give a description</u> of the condition of the masonry. Further, if, as a roofing expert, he has experience in attaching wood nailers to masonry, he is qualified to give an opinion regarding the difficulty of attaching a wood nailer to crumbling masonry. However, the Court finds that, given Mr. O'Connell's area of expertise, he is not qualified to <u>give an expert opinion</u> on the condition of the masonry of the Loy Lange

building, and given the statements he made at his deposition, any expert opinions regarding the role the condition of the masonry played in the roof uplift are irrelevant. Therefore, the Court will grant plaintiff's motion in part, and deny the remainder without prejudice.

**Plaintiff's Fourth Motion in Limine: Motion to Bar Improper Opinion Testimony of Kevin O'Connell.**

Plaintiff argues that Mr. O'Connell is a roofing expert, and that he should be barred from providing testimony as to: (a) the wind speed; (b) the condition of the plywood under the roof; and (c) the wind load of the roof. Plaintiff argues that his opinions in these areas are not properly founded.

Defendant first responds by stating that Mr. O'Connell will not offer opinions as to the actual speed of the wind at the building. Therefore, this first issue should be moot. Second, defendant argues the opinions as to the condition of the plywood strip are based on first-hand observations, and therefore should be allowed. Third, defendant argues that the program used by this expert is a program routinely relied upon by experts in the roof design industry. Defendant states the expert will testify to this fact.

As stated above, as both parties appear to agree that Mr. O'Connell cannot offer an opinion as to wind speed, the first issue is moot. Further, although plaintiff argues that Mr. O'Connell's opinion regarding the condition of the plywood comes from post hoc ergo propter hoc reasoning, the Court finds that Mr. O'Connell may

offer opinions that are based on first-hand observations. Any opinions that arguably stem from improper reasoning may be irrelevant, but the Court believes such irrelevance can be redressed with cross-examination. Finally, the Court finds that, <u>if Mr. O'Connell lays the proper foundation</u>, he may offer opinions based on a computer program routinely used by professionals in his area of expertise. The Court will therefore deny plaintiff's motion with regard to issues (a) and (b), and will deny plaintiff's motion with regard to issue (c) without prejudice.

**Plaintiff's Fifth Motion in Limine: Motion to Bar Opinion Testimony Not Properly Disclosed**

Plaintiff argues that defendant may attempt to introduce opinions as to wind speed that were not disclosed. These opinions come from other sources, including newspapers and other media. plaintiff argues that these opinions were not disclosed as required by Rule 26(a)(2)(B). Plaintiff fears that lay persons may "parrot" the reported wind speeds from unnamed, and uncrossable, sources. Plaintiff also contends defendant may attempt to have its meteorologist expert offer an opinion as to the wind speed before the wind hit the building. Plaintiff argues this evidence should not be allowed because it arose for the first time at the expert's deposition and was not disclosed in his report.

Defendant has not filed a response to this motion. However, it is the Court's typical ruling to deny such a motion without prejudice, and determine at trial whether sufficient

foundation has been laid by the party attempting to introduce such evidence.

**Plaintiff's Sixth Motion in Limine: Remaining Issues**

Plaintiff seeks an order regarding several issues: (a) to exclude witnesses from the courtroom; (b) to view demonstrative evidence before trial; (c) to exclude any emphasis on corporate nature of plaintiff; (d) to exclude reference to settlement offers; and (e) to exclude opinion testimony on ultimate issues from lay witnesses. Defendant did not respond to this motion. The Court will deny the motion in its entirety without prejudice. The parties will be ordered to have a discussion regarding these issues, and try to come to an agreement. Any remaining issues will be taken up before trial on Wednesday, September 9.

**Defendant's First Motion in Limine: Motion to Bar Evidence Regarding Alleged Design Issues**

Defendant argues that plaintiff's complaint only refers to defendant's duties with respect to the <u>installation</u> of the roof, and not the <u>design</u>. Defendant argues that it did not design, nor was it responsible to design, the roof in question. It was only to install the roof, and design evidence will only confuse the ultimate issue.

Plaintiff opposes this motion. Plaintiff argues that defendant's motion is based on semantics and a narrow view of "design." Plaintiff argues that defendant was well aware of plaintiff's claim through interrogatories answers early in discovery, and cannot now claim to be surprised. Further, the word

"design" appears in the joint statement of the case. Plaintiff argues that the complaint only gives notice, and does not formulate the issues or fully summarize the facts involved.

The Court will deny defendant's motion. The Court agrees that such a strict view of the concept of "design" should not be imposed, and evidence on the issue will not unduly prejudice the jury. Further, the Court believes that careful construction of the jury instructions will guide the jury in its determination of the ultimate issues of this case.

**Defendant's Second Motion in Limine: Motion to Bar Evidence of Other Projects Performed by Defendant.**

Defendant argues that plaintiff may attempt to introduce evidence of two other instances of roof uplifts of roofs installed by defendant. Defendant argues that evidence regarding prior claims on other projects should not be allowed to prove Defendant was negligent in this case.

Plaintiff does not opposes this motion, but argues that if this motion is granted, plaintiff's motion to bar evidence of damage of other buildings should be granted as well.

The Court will grant defendant's motion. Two unrelated incidents of roof uplift are not relevant to plaintiff's claims, and the Court is not interested two separate mini-trials that would force defendant to defend itself regarding these other claims.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's first motion in limine [Doc. #55] is denied.

**IT IS FURTHER ORDERED** that plaintiff's second motion in limine [Doc. #56] is denied without prejudice to reassertion at trial.

**IT IS FURTHER ORDERED** that plaintiff's third motion in limine [Doc. #57] is granted in part with regard to Mr. O'Connell's opinions on the condition of the masonry of the Loy Lange building, and Mr. O'Connell's opinions regarding the role the condition of the masonry played in the roof uplift. Plaintiff's third motion in limine is denied without prejudice to reassertion at trial in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's fourth motion in limine [Doc. #82] is denied to reassertion at trial.

**IT IS FURTHER ORDERED** that plaintiff's fifth motion in limine [Doc. #83] is denied without prejudice to reassertion at trial.

**IT IS FURTHER ORDERED** that plaintiff's sixth motion in limine [Doc. #84] is denied without prejudice. The parties are ordered to have a discussion regarding these issues, and to try to come to an agreement. Any remaining issues will be taken up before trial on Wednesday, September 9.

**IT IS FURTHER ORDERED** that defendant's first motion in limine [Doc. #68] is denied.

**IT IS FURTHER ORDERED** that defendant's second motion in limine [Doc. #69] is granted.

**IT IS FURTHER ORDERED** that defendant's motion to strike reply briefs [Doc. #105] is denied.

Dated this __4th__ day of September, 2009.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE